Filed 6/3/24  P. v. Selim CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE, | B332209 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA130802) |
| v. | |
| PETER A. SELIM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Affirmed.

Lori A. Nakaoka, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

# INTRODUCTION

Peter A. Selim appeals from his convictions pursuant to a negotiated plea for possession of a dirk or dagger and dissuading a witness.  We appointed counsel to represent Selim in this appeal.  Selim's appointed counsel reviewed the record and did not identify any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Nor, after reviewing the record independently, have we.  Therefore, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

In an amended information, the People charged Selim with three counts of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] involving a single victim, one count of possession of a dirk or dagger (§ 21310), and one count of dissuading a witness (§ 136.1, subd. (b)(1)).  The People provided notice that the offenses were serious felonies within the meaning of Penal Code section 1192.7, subdivision (c), and violent felonies within the meaning of section 667.5, subdivision (c).  The People alleged as to all three counts that Selim had two prior felony convictions within the meaning of section 1203, subdivision (e)(4); Selim was armed with and used a weapon at the time of the commission of the offenses within the meaning of California Rules of Court, rule 4.421(a)(2); and Selim committed the offenses while "he was on probation, mandatory supervision, post release community

---

[1]     Further undesignated statutory references are to the Penal Code.

supervision, and parole, within the meaning of California Rules of Court, rule 4.421(b)(4)."

Selim petitioned for mental health diversion prior to trial pursuant to section 1001.36.  After a hearing, on June 21, 2023 the trial court denied his petition, finding he posed an unreasonable risk of danger to public safety if treated in the community.  (*Id.*, subd. (c)(4).)

On July 6, 2023, following advisement and waiver of his constitutional rights, Selim, represented by counsel, pleaded no contest to possession of a dirk or dagger and to dissuading a witness.[2]  The trial court accepted Selim's plea, finding Selim had freely and voluntarily entered into the plea and knowingly and intelligently waived his statutory and constitutional rights.

On July 14, 2024 the trial court sentenced Selim to the agreed-upon sentence of two years in state prison with credit for time served.  The court sentenced Salim on count 4 for possession of a dirk or dagger to the low term of 16 months and on count 5 for dissuading a witness to eight months (one-third the middle term of two years).  The court dismissed the remaining counts and allegations pursuant to the plea agreement.

Selim filed a timely notice of appeal.  On July 24, 2023 the court denied Selim's request for a certificate of probable cause to appeal the denial of his petition for mental health diversion.[3]

---

[2]     An Arabic interpreter assisted Selim during the court hearings, including at the plea and sentencing hearings.

[3]     The appellate record does not contain the order denying Selim's request for a certificate of probable cause.  Selim states in his *Wende* brief that the court denied his request on July 24, 2023.

(§ 1237.5.) On November 6, 2023, this court issued an order limiting the issues on appeal to those that do not require a certificate of probable cause. (Cal. Rules of Court, rule 8.304(b)(2) & (b)(3).)

## DISCUSSION

After reviewing the record, counsel for Selim filed an opening brief raising no issues. On April 8, 2024 counsel informed Selim that she would be filing a *Wende* brief, and sent Selim the record on appeal and a copy of the brief. Counsel also informed Selim that he could file a supplemental brief within 30 days. We have not received a response.

A defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or assert grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b).) We have examined the record and are satisfied that appellate counsel for Selim has complied with her responsibilities and that there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende, supra,* 25 Cal.3d at pp. 441-442.)

4

## DISPOSITION

The judgment is affirmed.


                                        FEUER, J.

We concur:



        MARTINEZ, P. J.



        SEGAL, J.


5